BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

MARC PRICE WOLF (CABN 254495)
Assistant United States Attorney

    450 Golden Gate Ave.,
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    marc.wolf@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-mj-70738-mag |
|     Plaintiff, | [~~PROPOSED~~] ORDER OF DETENTION |
|   v. | |
| ALTARIQ JENKINS, | |
|     Defendant. | |

    The defendant, Altariq Jenkins, is charged in this case with a violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm and ammunition. On June 17, 2016, at the initial appearance in the above-referenced matter, the government moved for the pretrial detention of the defendant, pursuant to 18 U.S.C. § 3142, and requested a hearing. On June 30, 2016, the Court held a detention hearing. The Court has carefully considered the proffers of the government and the defendant's counsel, the factors set forth in 18 U.S.C. § 3142(g), and the information contained in the bail study prepared by the U.S. Pretrial Services Agency, which recommends that the defendant be detained pending trial. The Court finds by clear and convincing evidence that releasing the defendant prior to trial in this matter would not reasonably assure the safety of the community, and therefore the defendant is a danger to the community. For the reasons set forth below, as well as those stated on the record on June 30, 2016, the

Court concludes that no conditions or combination of conditions could be fashioned in order to properly protect the community if he is released. Therefore, the Court orders that the defendant be detained.

### I. LEGAL STANDARD

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial. The judicial officer may detain a defendant where the government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community. Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity. *United States v. Salerno*, 481 U.S. 739 (1987). Additionally, the judicial officer may detain a defendant if the government proves by a preponderance of the evidence that the defendant poses a risk of flight. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

### II. ANALYSIS

For the reasons stated on the record on June 30, 2016, the Court finds that the government has met its burden to establish that the defendant is a danger to the community. The defendant has a number of prior convictions, including a 2013 conviction for burglary and a 2014 conviction for being a felon in possession of a firearm. Further, in 2015, his probation was revoked for being a felon in possession of a firearm. The defendant also has had several juvenile petitions sustained: in 2007 a petition was sustained for theft/conversion of real property; a 2009 petition was sustained for attempted robbery; and a 2011 petition was sustained for illegally possessing a weapon. The defendant has also previously violated conditions of his probation. In fact, he was on probation for his 2013 felon in possession conviction when he was arrested for the instant felon in possession charge.

The government also offered evidence that, in the instant crime, the defendant possessed two loaded handguns in his waistband, he resisted arrest, and he lied to the police about his name and date of birth. At the detention hearing, the defendant did not present adequate sureties or a suitable place for him to reside if he were to be released. While the defense suggested that the defendant could reside in a halfway house pending trial in this case, based on his multiple failures to comply with conditions set by other courts, as well as his prior convictions and apparent post-arrest conduct in this case, the Court is

[PROPOSED] ORDER OF DETENTION
CR 16-MJ-70738-MAG

concerned that the defendant will not follow the Court's instructions and that his release would present a danger to the community.

### III.      CONCLUSION

Having considered all of the relevant factors set forth in 18 U.S.C. § 3142(g), and for the reasons set forth herein, as well as those stated on the record on June 30, 2016, the Court hereby finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or others if the defendant is released.  *See* 18 U.S.C. § 3142(f).

Therefore, the Court ORDERS that the defendant be detained.

IT IS SO ORDERED.

DATED: July _7_, 2016

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] ORDER OF DETENTION
CR 16-MJ-70738-MAG